Arthur Markewich, J.
Motions for temporary injunction are consolidated for disposition and are granted to the extent hereinafter set forth, while cross motions to dismiss, etc., on various grounds are denied. The application to refer this matter to the Justice who gave pro forma approval at Special Term, Part II, to the application for permission to sell is denied; this proceeding on notice and argument is in no sense a review of his action.
This disposition turns upon the admitted disregard by defendants of section 194 and 196 of the Beligious Corporations Law. Despite the by-laws, and the action taken by the respondent board in pursuance thereof, the date fixed in the original certificate as the date of annual meeting, i.e., the second Sunday of January, is still the lawful date of annual meeting. Whether the action taken in purportedly ratifying the sale of the building was in pursuance of a plan heretofore adopted at a special meeting— and this is disputed — or whether it could have been taken at a special meeting, assuming that of March 22 to have been such, are entirely beside the point. The notice of meeting does not, even when imagination is stretched as respondents argue, contain any item of proposed sale of the building, and the meeting was styled “ annual meeting.” It was not such, and it would appear that any action taken thereat is open to question.
The motions for temporary injunction are further granted to the extent of directing that the annual meeting be held, as provided in the certificate, on the second Sunday of January next, and that respondent board issue appropriate notices therefor. *866 At this meeting, the matter in dispute may properly be acted on. Plaintiffs ’ counsel has, indeed, stated emphatically that all he seeks is such action at such meeting; this would seem to be the practical equivalent of a stipulation that judgment absolute of a sort be rendered at the meeting so that a trial of the issues may never be necessary. Therefore, it is of the most importance that such meeting be held in such circumstances as to afford no ground for later expressions of dissatisfaction. Two such possibilities suggest themselves.
Firstly, it was said on the argument that to hold a meeting at the time stated would interfere with religious observances. Both sides to this controversy are equally affected, and it is suggested that they may easily agree that, at a token annual meeting, it may be adjourned by agreement of those present to another date; this actually could be set forth in the notice. Absent such agreement, however, the date set will be adhered to as that chosen by the incorporators themselves and never properly changed.
Secondly, there is the possibility that challenges to electors and other claims of irregularity at the meeting will inevitably bring the parties back to court thereafter to have it reviewed. Any undue delay in the implementation of whatever the meeting decides would work hardship and is to be avoided, if at all possible. The presence of an umpire to decide such questions on the spot would obviate such delay, and the court stands ready to appoint such an official in the event, but only then, that the parties so agree upon the settlement of the order to be entered hereon.
Such an order is also to contain provision for a bond, as to the amount of which suggestions from both sides are invited.