■ RETTEW ASSOCIATES, INC., Respondent-Appellant, v STANLEY Z. SIEGEL et al., Appellants-Respondents. [686 NYS2d 708] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 19, 1998, which, *inter alia*, denied defendants' motion to dismiss plaintiff's complaint or, alternatively, for preliminary injunctive relief; order and judgment (one paper), same court and Justice, entered October 29, 1998, which, *inter alia*, adjudged defendant Siegel in contempt for failure to complete an information subpoena served by plaintiff, but which denied plaintiff's motion for sanctions, in

addition to those previously imposed, in the form of reasonable costs and attorneys' fees incurred by plaintiff in connection with the contempt adjudication; and order and judgment (one paper), same court and Justice, entered September 22, 1998, which confirmed a Referee's report and recommendations and directed defendant Siegel and his attorneys to pay plaintiff $10,100 in sanctions to cover reasonable costs and attorneys' fees incurred in the underlying motions by plaintiff to obtain disclosure in aid of enforcing a money judgment in its favor and against defendant, unanimously affirmed, with costs. Appeal from a decision, same court and Justice, dated July 29, 1998, unanimously dismissed, without costs, as taken from a nonappealable paper; appeal from an order, same court and Justice, entered on or about July 29, 1998, denying, *inter alia*, defendant Siegel's motion for a hearing and oral argument, unanimously dismissed, without costs, as superseded by the appeal from the September 22, 1998 order and judgment; appeal from an order, same court and Justice, entered on or about July 29, 1998, which to the extent purportedly appealed from, denied defendant Siegel's motion for reargument, unanimously dismissed, without costs, as no appeal lies from the denial of reargument; appeal from an order, same court (Stephen Crane, J.), entered on or about January 28, 1998, unanimously dismissed, without costs, as abandoned.

Defendant-appellant Siegel has failed to raise any meritorious arguments, either with respect to the validity of the Pennsylvania money judgment against him or with respect to the validity of the various orders and judgments presently appealed in this action to enforce the Pennsylvania judgment. As to plaintiff's cross appeal, we note only that the motion court's refusal to impose sanctions in addition to those already imposed was, under the circumstances, an appropriate exercise of discretion (*see*, *Odette Realty Co. v DiBianco*, 170 AD2d 299). Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.