■ RETTEW ASSOCIATES, INC., Respondent, v STANLEY Z. SIEGEL, Defendant, and JOHN UMANA, Appellant. [715 NYS2d 840] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 17, 1999, and ensuing judgment, same court and Justice, entered May 21, 1999, which, *inter alia*, granted plaintiff's motion to confirm the report of the Special Referee and awarded plaintiff attorneys' fees and costs against appellant John Umana in the amount of $2,888.73, unanimously affirmed, with costs.

The IAS Court properly confirmed the report and recommendation of the Special Referee as his findings were supported by the record (*Matter of Mayer v National Arts Club*, 223 AD2d 440, *lv denied* 88 NY2d 802). Appellant was provided with an opportunity to be heard at the hearing and the judgment was properly entered (*see*, CPLR 5016 [a]). We have considered appellant's remaining contentions, some of which were raised and rejected in prior appeals by defendant Siegel to this Court (*see*, *Rettew Assocs. v Siegel*, 260 AD2d 282, *lv dismissed* 93 NY2d 1038), and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY GRIER, Appellant. [717 NYS2d 514] —Judgment, Supreme Court, Bronx County (Michael Gross, J., at hearing; Martin Marcus, J., at plea and sentence), rendered July 15, 1999, convicting defendant of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Defendant's present arguments are unpreserved for appellate review because he raised completely different arguments before the hearing court, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the spontaneous identification resulting from the viewing of defendant in a cell at Rikers Island by one of the victims, a fellow inmate, was not subject to suppression in that it was not arranged for the purpose of obtaining an identification and was not, in any event, unduly suggestive (*see*, *People v Dixon*, 85 NY2d 218; *People v Nimmons*, 177 AD2d 444, *lv denied* 79 NY2d 922). Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.