■ In the Matter of PAUL G. WILLIAMSON, Appellant-Respondent. WILLIAMSON, PICKET, GROSS, INC., Respondent-Appellant. In the Matter of PAUL G. WILLIAMSON, Appellant-Respondent. WPG ASSOCIATES, INC., et al., Respondents-Appellants. [748 NYS2d 500] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered January 11, 2002, which, in proceedings pursuant to Business Corporation Law § 1104-a (a) (1), entitled petitioner to recover from respondents $822,477, plus interest, costs and disbursements and directed petitioner, upon payment to him of the amounts due him under the judgment, to tender to respondents his stock in the three respondent corporations, and which brings up for review (1) an order, same court (Franklin Weissberg, J.), entered on or about March 30, 2001, which, with an exception as to one matter, confirmed the reports of the Special Referee dated October 30, 2000, October 31, 2000 and November 1, 2000, and in so doing, denied respondents' motion to reject such reports in part and granted in part and denied in part petitioner's motion to confirm in part and reject in part such reports, and (2) an order, same court (Edward Lehner, J.), entered August 24, 2001, which, inter alia, granted respondents' motion to confirm the report of the Special Referee dated April 27, 2001 unanimously affirmed, without costs. Appeals and cross appeals from the order entered March 30, 2001 and appeal from the order entered August 24, 2001 unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The IAS court, after thorough consideration of the parties' arguments, properly rejected their respective challenges to the Special Referee's reports, holding that the disputed findings of the Special Referee were amply supported by the extensive record made before him. Accordingly, we perceive no basis for disturbing them (see Matter of Hirschfeld, Stern, Moyer & Ross, 286 AD2d 611; Rettew Assoc. v Siegel, 276 AD2d 423, lv denied 96 NY2d 814).

We have considered the parties' arguments for affirmative appellate relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.