■ HOLY CROSS POLISH NATIONAL CATHOLIC CHURCH OF NEW YORK, INC., Respondent, v LOUIS T. MILAZZO et al., Appellants, et al., Defendant. [814 NYS2d 92]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 20, 2004, which, to the extent appealed from, granted plaintiff's motion to confirm the findings and recommendations of Special Referee Louis Crespo dated March 30, 2004, determining that Father Thomas N. Rudny was a duly elected trustee of plaintiff Holy Cross Polish National Catholic Church of New York, Inc. and was authorized to commence this action, and denied defendants-appellants' cross motion to dismiss the complaint as time-barred, unanimously modified, on the law, to grant the cross motion insofar as the complaint seeks relief for the alleged misappropriation of proceeds from the 1988 sale of corporate real property, and otherwise affirmed, without costs.

Inasmuch as the complaint alleges that the proceeds from the 1988 sale of plaintiff corporation's property were converted in or about 1991, and it is plain that the congregation was indisputably on notice of that circumstance in 1994, when, as plaintiff's proof at the hearing as to standing demonstrates, the authority of defendants Milazzo and Slomiak to act as plaintiff's trustees was repudiated for cause and an action was commenced by plaintiff's bishop and several congregants against defendants alleging theft of the sale proceeds, this action, commenced in 2002, well after the expiration of the longest applicable statutory period of six years, is untimely insofar as it seeks redress for the alleged misappropriation. The complaint and record, however, liberally construed, demonstrate that, based on defendants-appellants' continuing assertion of authority to act on plaintiff's behalf, most notably by commencing an action in 1998 to foreclose upon the mortgage given plaintiff by the buyers in the 1988 transaction, plaintiff has timely claims for a declaratory judgment as to which group of putative trustees are authorized to act for it, and for the alleged usurpation of such authority by defendants.

The findings of the Special Referee, to the effect that Father Rudny has standing to prosecute this action on plaintiff's behalf, were amply supported by the hearing record and thus properly confirmed (*see e.g. Matter of Williamson*, 298 AD2d 314 [2002]). Plaintiff's uncontroverted evidence showed that the congregation had adequate notice of the meetings at which the disputed actions affecting the composition of plaintiff's board and authorizing Father Rudny's commencement of this action were taken. The proof demonstrated that the congregation was sufficiently apprised of the relevant issues and that the elections were conducted and resolutions considered with appropriate or-

der and regularity. Plaintiff's compliance with the relevant provisions of the Religious Corporations Law in noticing and conducting the meetings and elections at issue was sufficiently demonstrated through the testimony of plaintiff's witnesses as to their recollection of the relevant events. More specific, documentary proof of statutory compliance was not required, particularly since defendants' claims of noncompliance are raised many years after the fact (*cf. e.g. Horodeckyi v Horodniak*, 16 Misc 2d 865 [1958]; *Matter of Hayes v Bd. of Trustees of Holy Trinity Baptist Church of Amityville*, 225 NYS2d 316 [1962]). Defendants' remaining arguments are unavailing. Concur— Saxe, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.