◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO OCHOA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 25, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, under indictment No. 4401/85, upon a jury verdict, and imposing sentence; and from two amended judgments adjudicating him in violation of probation, under indictments Nos. 4984/83 and 6975/82, respectively, and imposing sentences of imprisonment.

Ordered that the judgment and amended judgments are affirmed.

Viewing the evidence in the light most favorable to the defendant (see, People v Shuman, 37 NY2d 302, 304), we find no reasonable view of the evidence which would support a finding that the defendant committed either manslaughter in the first degree or manslaughter in the second degree but did not commit murder in the second degree (see, CPL 300.50 [1]). At bar, the defendant deliberately and repeatedly fired a gun into the victim's upper body from close range. Such conduct

precluded a reasonable jury from finding that the defendant had acted recklessly *(see,* Penal Law § 125.15 [1]; *People v Weems,* 105 AD2d 763). The uncontroverted testimony of two eyewitnesses established that the defendant did not act under the influence of extreme emotional disturbance and, if he did, its influence had no reasonable explanation or excuse *(see,* Penal Law § 125.20 [2]; § 125.25 [1] [a]). Their unchallenged testimony further established that there was an initial argument which abated. When it started again, the manager of the establishment tried to ease the situation. The defendant left the bar and returned 15 minutes later with a gun.

The defendant then took deliberate aim at the victim, readjusted his gun after it misfired, and fired several times at point-blank range while the victim lay helplessly on the ground *(cf., People v Alamo,* 128 AD2d 441; *People v Logan,* 120 AD2d 359, *lv denied* 68 NY2d 758). There is no possibility in the case at bar that a jury could reasonably conclude that the death resulted unintentionally during a struggle *(cf., People v Ford,* 66 NY2d 428; *People v James,* 127 AD2d 485), or that the victim was killed by a second shooter using a second gun *(cf., People v Butler,* 57 NY2d 664), or that the defendant had used excessive force in defending himself *(cf., People v Alamo, supra).*

Consequently, the trial court did not err when it refused the defendant's request to submit to the jury manslaughter in the first degree and manslaughter in the second degree as alternatives to the murder in the second degree charge.

We have examined the defendant's remaining contention and find it to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.