■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SANTIAGO, Appellant. [599 NYS2d 964] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered November 25, 1991, which convicted defendant, upon his plea of guilty, of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal sale of a controlled substance in the third degree, and sentenced him to concurrent terms of 7 to 21 years for the robbery count, and 2 terms of 2 to 6 years for the remaining counts, unanimously affirmed.

During the plea allocution, defense counsel informed the court that he was "waiving his right to appeal, but not waiving his right to appeal his 30.30 motion which he will have a right to appeal." Thereafter, in response to the court's inquiries, defendant acknowledged, *inter alia,* that he discussed the plea thoroughly with his attorney, that no one threatened him to enter the plea, and that he was waiving his rights with respect to a trial. Defendant claims the sentence imposed for the robbery count was excessive and that he did not knowingly and voluntarily waive his right to appeal that issue.

The record does not show that defendant voluntarily, knowingly, and intelligently waived the right to appeal from the plea and sentence as part of the negotiated plea agreement *(People v Callahan,* 80 NY2d 273, 283). While defense counsel informed the court that defendant was waiving his right to appeal, "[t]here was no record discussion between the court and defendant concerning the waiver" *(supra,* at 283). Thus, the court did not attempt to establish whether defendant waived his right to appeal or whether defendant understood the waiver. Based on a record almost silent on the issue, a voluntary waiver cannot be inferred *(supra).* However, the sentences imposed were not excessive or unduly harsh, and a reduction is not warranted *(see, People v Farrar,* 52 NY2d 302, 305-306). "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.