■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DEWBERRY, Appellant. [636 NYS2d 1015] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 17, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the entry of an order in its discretion pursuant to CPL 160.50.

During the plea allocution, the defense counsel informed the court that he had discussed the waiver of the defendant's right of appeal with him. However, the record does not establish that the defendant knowingly, intelligently and voluntarily waived that right. Thus, the waiver is ineffective *(see, People v Santiago,* 194 AD2d 468; *see also, People v Callahan,* 80 NY2d 273, 283; *People v Seaberg,* 74 NY2d 1; *People v Cohen,* 210 AD2d 343; *People v McCaskell,* 206 AD2d 547).

Furthermore, in view of our previous determination in the codefendants' appeals *(see, People v Walker,* 206 AD2d 555; *People v Isaac,* 206 AD2d 545) that the basis of knowledge prong of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 410) was not satisfied in this case, the judgment must be reversed and the indictment must be dismissed. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.