■ The People of the State of New York, Respondent, v Raymond Chevalier, Appellant. [641 NYS2d 433] —Spain, J. Ap-

peals (1) from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered September 16, 1994, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree, and (2) by permission, from an order of said court (Rosen, J.), entered June 16, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

On November 10, 1993, following an extensive investigation, defendant was charged with attempted criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree; defendant allegedly attempted to purchase a half ounce of cocaine from an agent of the Albany County Sheriff's Department in exchange for legal services from his wife's law firm. In January 1994, defendant's attorney notified the People, by letter, that defendant was waiving his right to a speedy trial pursuant to CPL 30.10, 30.20 and 30.30. On June 27, 1994, defendant executed a waiver of indictment and consented to be prosecuted by superior court information for a single lesser offense. Thereafter, defendant was arraigned in County Court and, pursuant to a plea agreement with the People, pleaded guilty to one count of attempted criminal possession of a controlled substance in the fourth degree. In exchange for his plea of guilty, defendant was sentenced as a predicate felon to an indeterminate term of incarceration of 2 to 4 years.

In May 1995, defendant moved, pursuant to CPL 440.10 (1) (a), (b), (h); (3), to vacate the judgment of conviction and to dismiss all charges on the grounds that (1) County Court did not have jurisdiction over the action or defendant, (2) the judgment was procured by duress, misrepresentation or fraud on the part of the People, and (3) the judgment was obtained in violation of defendant's constitutional rights. In June 1995, County Court denied defendant's motion without conducting a hearing. Defendant appeals both from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

We affirm. Initially, we agree with defendant that he did not explicitly waive his right to appeal. The record reflects that defendant was present and personally entered into the colloquy with his counsel, County Court and the People when the details of the plea bargain were discussed and that he voluntarily agreed to the plea bargain with full appreciation of the consequences. After the People stated that they intended to request that County Court sentence defendant to the statutory mini-

mum sentence, the court specifically asked defendant if he waived his right to appeal "that situation"; defendant's attorney answered in the affirmative for defendant, thereby waiving defendant's right to appeal the reasonableness of County Court's sentence (*see, People v Seaberg*, 74 NY2d 1, 7; *People v Thompson*, 60 NY2d 513, 520). However, the record does not reflect that either defendant or defendant's counsel waived defendant's right to appeal the judgment (*see, People v Santiago*, 194 AD2d 468, 469, *lv denied* 82 NY2d 726). "[A] knowing and voluntary waiver cannot be inferred from a silent record" (*People v Callahan*, 80 NY2d 273, 283; *see, People v Harris*, 61 NY2d 9, 17).

Defendant's contention that County Court erred in rejecting his postjudgment CPL article 440 motion is without merit. It is well settled that when a defendant enters a plea of guilty, he or she waives certain rights associated with a trial (*see, People v Beattie*, 80 NY2d 840, 841; *People v Taylor*, 65 NY2d 1, 5). "By pleading guilty, defendant waived all factual defenses" (*People v Cohen*, 186 AD2d 843); included in such a waiver are any factual defenses involving allegations of vindictive or selective prosecution (*see, People v Rodriguez*, 55 NY2d 776, 777) or allegations of prosecutorial misconduct (*see, People v Di Raffaele*, 55 NY2d 234, 240). In our view, defendant's speculative allegations that his arrest was the result of a "witch hunt" by the Sheriff's Department and that the prosecutor entered into an improper contingency arrangement with an informant to lure defendant into committing a crime are factual defenses that were specifically waived by defendant's plea of guilty (*see, People v Roberts*, 198 AD2d 452, *lv denied* 83 NY2d 809; *People v Cohen, supra*, at 843; *People v Normandin*, 122 AD2d 348).

Further, we reject defendant's contention that County Court improperly denied defendant's motion without affording defendant a hearing on the issues. Defendant's assertions in support of the CPL article 440 motion are purely speculative in nature, and are substantiated only by his own self-serving affidavit and that of his wife, who is also his present counsel. "Mere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving those accusations" (*People v Brown*, 56 NY2d 242, 246-247; *see,* CPL 440.30 [4] [d]).

We also reject defendant's contentions that he was denied a right to a speedy trial pursuant to CPL 30.30 and that the charges should be dismissed based upon his prosecution by superior court information, rather than by indictment, over six months after the commencement of the criminal proceeding

(*see*, CPL 30.30 [1] [a]). Although a defendant may not waive his right to a speedy trial (*see*, *People v Seaberg*, *supra*, at 9; *People v Blakely*, 34 NY2d 311, 314-315), the computation of time for purpose of satisfying CPL 30.30 (1) (a) "is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute" (*People v Cortes*, 80 NY2d 201, 208). Defendant's counsel's January 1994 letter, thanking the People for delaying the Grand Jury presentation of the charges and notifying the People that defendant is waiving his right to a speedy trial, indicates that the delay in bringing this matter to trial is attributable to defendant. Accordingly, we conclude that the delay after the letter is excludable from the computation calculating the time elapsed after the filing of the first accusatory instrument (*see*, *People v Taylor*, 217 AD2d 404, *appeal denied* 87 NY2d 851; *People v Rodriguez*, 212 AD2d 368, 369, *lv denied* 85 NY2d 913).

Defendant's contention that he was not held for action of the Grand Jury for either of the complaints lodged against him either by direct waiver or a finding after a preliminary hearing is belied by the record, which reveals that defendant, by a signed writing, specifically waived his right to have the matter presented to a Grand Jury and consented to the People prosecuting the matter by a superior court information. Under the circumstances of this case, defendant's reliance upon *People v Zanghi* (79 NY2d 815) is misplaced.

We also reject defendant's contention that his plea arrangement was less favorable than other individuals who committed similar offenses and, therefore, served as a denial of his constitutional right to equal protection. "[N]o two defendants are quite alike even if they have committed, in legal definition, identical offenses" (*People v Selikoff*, 35 NY2d 227, 234, *cert denied* 419 US 1122; *see*, *People v Cohen*, *supra*). Here, defendant was permitted to plead guilty to attempted criminal possession of a controlled substance in the fourth degree rather than to the more serious original charges. In exchange for his guilty plea, defendant received the most lenient statutory sentence available for a predicate felon convicted of such an offense (*see*, Penal Law § 70.06 [3] [d]; [4]; § 110.05 [5]; § 220.09 [13]). Furthermore, all of the individuals mentioned by defendant were arrested and pleaded guilty under entirely distinct and differing circumstances; most significantly, none of the individuals were sentenced as a predicate felon.

We further reject, as totally without merit, defendant's

contention that he received ineffective assistance of counsel. The main inquiry in determining if a defendant has received ineffective assistance of counsel is "whether the defendant received meaningful representation" (*People v English*, 215 AD2d 871, 873, *lv denied* 86 NY2d 793; *see, People v Baldi*, 54 NY2d 137, 147). Viewing the record as a whole (*see, People v Satterfield*, 66 NY2d 796) and in light of the favorable plea bargain negotiated by defendant (*see, People v Lewis*, 116 AD2d 778, *lv denied* 67 NY2d 885; *see also, People v Baldi, supra,* at 147), we conclude that defendant received effective assistance of counsel. If defendant had gone to trial on the charge of attempted criminal possession of a controlled substance in the third degree, as alleged in the original complaint, he may have been convicted of a class C felony, rather than a class D felony, and received the harshest possible prison sentence of 6 to 15 years (*see,* Penal Law § 70.06 [3] [c]; [4] [b]; § 110.05 [4]; § 220.16). In light of defendant's status as a predicate felon and the enormous risk that a trial would result in a substantial prison term, it cannot be said that defense counsel's tactical choice recommending that defendant plead guilty and accept a lesser prison sentence amounted to ineffective assistance of counsel. Moreover, defendant explicitly stated that he was completely satisfied with the representation he received at the time the terms of the plea arrangement were stated on record.

We have reviewed defendant's remaining contentions, including a request in the interest of justice to vacate the conviction and dismiss the charges and/or reduce the sentence, and find them to be without merit.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).