■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN WEBB, Appellant. [650 NYS2d 252] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered May 16, 1994, convicting him of robbery in the second degree (8 counts), burglary in the second degree,

and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the testimony relating to the separate showup identifications of him by the four complaining witnesses. The facts show the following unbroken chain of events: (1) the police officers arrived at the complaining witnesses' apartment as the defendant and his accomplices were in the process of robbing the complainants and burglarizing the apartment, (2) the defendant and his accomplices attempted to conceal themselves in various areas of the apartment, and (3) the police officers searched the apartment and apprehended the defendant and his accomplices. The separate showup identifications of the defendant by the complaining witnesses took place within the apartment and/or in the building within minutes after the arrest. Under the facts of this case, suppression of the identification testimony was properly denied (see, People v Duuvon, 77 NY2d 541, 545; People v Brnja, 50 NY2d 366; People v Rowlett, 193 AD2d 768).

The sentence imposed was neither harsh nor excessive. While there is a substantial disparity between the defendant's sentence and the sentences received by his accomplices who pleaded guilty, the defendant, unlike the accomplices, had an extensive criminal history. He was adjudicated a persistent violent felony offender. Moreover, while the challenged terms of imprisonment are greater than those offered to the defendant prior to trial, "[s]entences imposed after trial may be more severe that those imposed in connection with a plea" (People v Norfleet, 146 AD2d 812, 813; see also, People v Nelson, 179 AD2d 784). Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.