■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDOUL DIALLO, Appellant. [679 NYS2d 300] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered April 6, 1995, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a conditional discharge, unanimously affirmed.

The evidence was legally sufficient to prove defendant's guilt of second-degree assault and the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490, 495). We see no reason to disturb the jury's credibility determinations. There was ample evidence that the officer suffered "physical injury" within the meaning of Penal Law § 10.00 (9). Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WASHINGTON, Appellant. [682 NYS2d 1] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered April 6, 1994, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him, as a juvenile offender, to a term of 5 years to life, unanimously affirmed.

Defendant's contention that he did not enter a knowing and voluntary plea based upon his factual recitation is unpreserved for review, since defendant never challenged the sufficiency of his allocution during his plea or sentencing proceedings, and the defendant failed to move either to withdraw his guilty plea or to vacate his conviction, and because his factual recitation does not cast significant doubt on his guilt (*People v Lopez*, 71 NY2d 662). In any event, the record of the plea proceeding demonstrates that the court thoroughly inquired into any equivocation defendant may have had as to the element of intent, and that defendant's ultimate unequivocal statement, that he intended to kill the decedent, was sufficient to accept his guilty plea (*see, People v Murphy*, 243 AD2d 954, *lv denied* 91 NY2d 835; *People v Bermudez*, 228 AD2d 237, *lv denied* 89 NY2d 919; *People v Rivera*, 191 AD2d 209, *appeal withdrawn* 81 NY2d 975).

We have considered defendant's other claims and find them to be unavailing. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.