■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEYAN PRICE, Appellant. [682 NYS2d 877] —Appeal by the defendant from an amended judgment of the County Court, Westchester County (Sise, J.), rendered July 26, 1996, revoking a sentence of probation previously imposed by the same court (Leavitt, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing terms of imprisonment upon his previous convictions of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree, and imposing conditional discharges upon his previous convictions of menacing in the second degree and resisting arrest.

dant from a judgment of the County Court, Westchester County (Sise, J.), rendered July 26, l996, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the six-photo array was unduly suggestive is without merit. There is no requirement that the defendant be surrounded by individuals nearly identical to him in appearance during identification procedures. The array here does not draw the viewer's attention to the defendant's photograph, nor does the lighting background of the defendant's photo make it stand out from the others (*see, People v Font,* 223 AD2d 600; *People v Guzman,* 220 AD2d 614).

Testimony was presented at the *Wade* hearing which established that the victim observed the defendant at close range and under good lighting conditions for approximately five to six minutes. The hearing court concluded, and we agree, that even if the identification procedure had been unduly suggestive, the victim's in-court identification of the defendant would still have been admissible since there was an independent source for the witness's in-court identification (*see, People v Steward,* 206 AD2d 397).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Contrary to the defendant's assertion on appeal, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Although the defendant notes that prior to the conclusion of his trial in the instant matter he was offered a plea with a promise of a more favorable sentence if he pleaded guilty, it is well established that a sentence imposed after trial may be more severe than one imposed in connection with a negotiated plea of guilty (*see, People v Webb,* 233 AD2d 469).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.