■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ACOSTA, Appellant. [688 NYS2d 22] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered September 24, 1996, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

Defendant's motion to suppress was properly denied, based upon the hearing court's finding that defendant had failed to present any evidence at the hearing either that he had been represented by counsel in the two pending cases for which bench warrants had been issued years earlier, or that the police were aware of such representation when, after arresting defendant on the two warrants, they questioned defendant regarding the instant matter, which was unrelated to either of the pending cases (*see, People v Rosa*, 65 NY2d 380). We reject defendant's argument that the police had a duty to inquire as to whether defendant was represented on the pending unrelated charges (*see, People v Bing*, 76 NY2d 331). In any event, even if defendant had been represented, with the knowledge of the police, on the unrelated charges, the *Rogers* rule (*People v*

*Rogers*, 48 NY2d 167) upon which defendant relies, would be inapplicable because defendant had not remained in custody on those charges but had instead been released and rearrested on the bench warrants (*see, People v Burdo*, 91 NY2d 146; *People v Steward*, 88 NY2d 496; *People v Bing, supra*). Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.