■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UZZIAH WILSON, Appellant. [703 NYS2d 575] —Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered March 1, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, pleaded guilty to a reduced charge of attempted promoting prison contraband in the first degree. At sentencing, defendant indicated to County Court through his attorney that he was having "second thoughts" about the plea because a friend had told him that he received "a lesser sentence for the same charge" after the District Attorney agreed to downgrade the felony charge to a misdemeanor. A discussion of the matter was then held, after which County Court offered defendant an opportunity to make a mo-

tion to withdraw his plea. Defendant then consulted with his attorney who told the court that defendant wished to go forward with the plea bargain. County Court sentenced defendant as a second felony offender pursuant to the plea agreement to a term of 1½ to 3 years in prison, to be served consecutively to his current sentence. This appeal followed.

We affirm. On appeal, defendant's sole argument is that his sentence is unconstitutional because it is greater than that allegedly imposed upon a different inmate under similar circumstances. Notably, defendant agreed to go forward with sentencing and any proof regarding the sentencing of defendant's "friend" is clearly outside the record. Thus, by failing to move to withdraw his plea or to vacate the judgment of conviction under CPL 440.10, defendant failed to preserve this issue for judicial review (*see, People v Lopez*, 71 NY2d 662, 665). In any event, were this issue properly before us, we would find it to be without merit (*see, People v Chevalier*, 226 AD2d 925, 928, *lv denied* 88 NY2d 934). Defendant's remaining arguments have been examined and found to be similarly unpersuasive.

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.