■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE RANGOLAN, Appellant. [744 NYS2d 861] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered October 8, 1996, convicting him of attempted criminal sale of a controlled substance in the fifth degree and criminal sale of marijuana in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The determination of whether to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (*see* CPL 220.60 [3]; *People v Marzocco,* 278 AD2d 515; *People v DeLeon,* 254 AD2d 430, 431). In this case, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea, without a hearing, since his unsubstantiated claims of coercion and dissatisfaction with his attorney's representation were refuted by his statements during the plea allocution (*see People v Fernandez,* 291 AD2d 456; *People v DeLeon, supra*). Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ROBERTSON, Appellant. [744 NYS2d 684] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered July 21, 1998, convicting him of rape in the first degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.