■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CLARKE, Appellant. [748 NYS2d 376] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 7, 1999, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his statement about his use of a significant nickname. This statement was taken at a police station shortly after defendant had been rearrested on a bench warrant issued for his failure to appear on a pending unrelated charge upon which he had been represented by counsel. There was no violation of defendant's derivative right to counsel under *People v Rogers* (48 NY2d 167), because a rearrest on a bench warrant, followed by immediate questioning at the police station prior to any court proceedings or reincarceration on the warrant, is not the type of custody contemplated by the *Rogers* rationale (*see People v Napier*, 261 AD2d 347, *lv denied* 94 NY2d 865; *People v Acosta*, 259 AD2d 422, *lv denied* 93 NY2d 1001; *see also People v Cawley*, 76 NY2d 331, 348; *cf. People v Burdo*, 91 NY2d 146, 150 n). In any event, were we to find any error in the admission of defendant's statement about his nickname, we would find it to be harmless, particularly since this evidence was cumulative to similar evidence from other sources.

Although the court suppressed certain subsequent statements by defendant as unlawfully obtained, it properly denied suppression of other evidence alleged to be the fruit of that illegality, since the taint was sufficiently attenuated (*see People v Pleasant*, 76 AD2d 244, *affd* 54 NY2d 972, *cert denied* 455 US 924).

Defendant's motion to suppress an identification of himself by a witness who had been incarcerated at the same facility as defendant was properly denied. The witness's chance sighting of defendant at the facility, in the midst of a number of other inmates, was neither police-arranged nor unduly suggestive (*People v Grier*, 276 AD2d 423, *lv denied* 96 NY2d 735).

The court's instruction on the jury's functions in weighing and attempting to reconcile inconsistencies in testimony, while rather lengthy, was sufficiently balanced, expressed no opinion as to the facts, and did not deprive defendant of a fair trial.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.