■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. EATON, Appellant. [789 NYS2d 194]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered December 5, 2002, convicting him of incest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court failed to conduct an adequate plea allocution is unpreserved for appellate review, since the defendant did not move either to withdraw the plea of guilty or to vacate the judgment of conviction, and the "rare case" exception to the preservation requirement does not apply (*People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Claudio,* 64 NY2d 858 [1985]; *People v Gaines,* 11 AD3d 478 [2004]; *People v Martin,* 7 AD3d 640 [2004]). In any event, the record of the plea proceeding demonstrates that the defendant ultimately unequivocally admitted committing the acts constituting the crime of incest (*see People v Washington,* 254 AD2d 179 [1998]; *People v Rivera,* 191 AD2d 209 [1993]).

Furthermore, the record does not support the defendant's contention that he denied his guilt at sentencing. In any event, these purported post-plea statements of innocence do not warrant vacating his plea (*see People v Dixon,* 29 NY2d 55, 57 [1971]; *People v Hronopoulos,* 192 AD2d 720 [1993]; *People v James,* 192 AD2d 555 [1993]).

The defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel except to the extent that it affected the voluntariness of his plea (*see People v Demosthene,* 2 AD3d 874 [2003]; *People v*

*Herring*, 274 AD2d 525, 526 [2000]; *People v Holmes*, 268 AD2d 597 [2000]). We find that the plea was knowingly, voluntarily, and intelligently made (*see People v Harris*, 61 NY2d 9 [1983]). Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.