■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINZY MOORE, Appellant. [792 NYS2d 346]—Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered May 6, 2004, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORALES, Appellant. [795 NYS2d 240]—Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered July 24, 2003, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was involuntary is unpreserved for appellate review since he failed to move to withdraw his plea on this ground (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Nicholas*, 8 AD3d 300 [2004]; *People v Alexis*, 295 AD2d 529 [2002]). Moreover, to the extent these issues were raised in the defendant's motion pursuant to CPL 440.10, they are not properly before this Court as he failed to seek leave to appeal from the order denying that motion (*see People v Nicholas, supra; People v Alexis, supra; People v Torres*, 194 AD2d 815 [1993]). In any event, we find no merit to the defendant's contentions that he was coerced and that he was denied the effective assistance of counsel (*see People v Rangolan*, 295 AD2d 543 [2002]; *People v Fernandez*, 291 AD2d 456 [2002]; *People v Langhorne*, 177 AD2d 713 [1991]). Furthermore, the defendant's post-plea statements of innocence made to his probation officer did not warrant vacatur of his plea (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Eaton*, 14 AD3d 577 [2005]; *People v Richardson*, 13 AD3d 561 [2004]; *People v Figueroa*, 146 AD2d 798 [1989]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.