■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX GARCIA, Appellant. [837 NYS2d 84]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; James A. Yates, J., at jury trial and sentence), rendered April 21, 2004, convicting defendant of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 25 years to life, 15 years and 7 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. The police questioned defendant after taking him into custody under an outstanding bench warrant for an unrelated charge. Even assuming counsel had been appointed on the charges underlying the bench warrant, the police were entitled to question defendant on the instant murder charge in the absence of such counsel, and he made a valid waiver of his right to counsel (*see People v Clarke*, 298 AD2d 259 [2002], *lv denied* 99 NY2d 613 [2003]; *People v Jackson*, 292 AD2d 466 [2002], *lv denied* 98 NY2d 730 [2002]; *People v Acosta*, 259 AD2d 422 [1999], *lv denied* 93 NY2d 1001 [1999]). Furthermore, any delay in bringing defendant before the court that had issued the bench war-

rant does not require suppression of defendant's statements. In the analogous context of CPL 140.20, the Court of Appeals has held that delay in arraignment does not implicate the state constitutional right to counsel, but is relevant in evaluating the voluntariness of the confession (*People v Ramos*, 99 NY2d 27, 35 [2002]). The hearing evidence establishes that there was nothing coercive about the circumstances of the interrogation, and no reason to disturb the hearing court's findings as to voluntariness. We have considered and rejected defendant's remaining suppression claims.

There is no merit to defendant's argument that one of the court's supplemental instructions to the jury concerning its role in evaluating defendant's statements to the police "trivialized" the defense theory that the statements were involuntary and untruthful. Defendant did not preserve any of his remaining challenges to the court's main and supplemental charges regarding the statements, because he either failed to object, or requested no further relief when, in response to his objections, the court made corrections to its earlier instructions. We decline to review these claims in the interest of justice. Were we to review these claims, we would reject them. The corrected version of the instructions sufficiently addressed defendant's concerns, and to the limited extent the court summarized evidence and the parties' contentions, it did so appropriately (*see* CPL 300.10 [2]).

Defendant did not preserve any of his claims regarding the court's preliminary instructions, the instructions it gave before recesses, and its *Allen* charge, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Marlow, McGuire and Malone, JJ.