FOURTH DEPARTMENT, AUGUST, 2007

(August 22, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD V. TYLER, Appellant. [841 NYS2d 193]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered April 15, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of murder because the People failed to establish his intent to kill (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's

contention lacks merit. There is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that, when defendant shot the victim multiple times at close range, striking him once in the abdomen and once in the thigh and causing death, he did so with an intent to kill (*see People v Perez*, 64 NY2d 868 [1985]; *People v Price*, 35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926 [2007]; *People v Byfield*, 15 AD3d 262 [2005], *lv denied* 4 NY3d 884 [2005]; *People v Smith*, 2 AD3d 175 [2003], *lv denied* 2 NY3d 807 [2004]). Contrary to defendant's further contention, County Court did not err in refusing to charge the lesser included offense of manslaughter in the first degree. In view of the evidence that defendant fired his gun multiple times at the victim at close range, with one of the shots piercing the victim's abdomen and damaging several major organs and vessels, the court properly concluded that there is no reasonable view of the evidence that would support a finding that defendant committed manslaughter in the first degree but not intentional murder (*see People v Butler*, 84 NY2d 627, 634-635 [1994]; *People v Boyer*, 31 AD3d 1136, 1138 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Ochoa*, 142 AD2d 741 [1988], *lv denied* 72 NY2d 1048 [1988]).

Defendant failed to preserve for our review his contentions that the court's instruction with respect to the element of intent and the court's responses to the jury's questions concerning that instruction were inadequate (*see* CPL 470.05 [2]). In any event, both of those contentions are without merit. The court's initial instructions defining intent as well as the elements of second degree intentional murder were identical to the instructions contained in the Pattern Criminal Jury Instructions and were proper (*see People v Regan*, 21 AD3d 1357, 1358 [2005]; *People v Brown*, 250 AD2d 774, 775 [1998], *lv denied* 92 NY2d 894 [1998]). Further, following the court's fourth readback of the instruction for second degree intentional murder, the jury did not indicate any confusion or dissatisfaction. Thus, the court's readback of the charge was an adequate response to the jury's inquiries, and no further instruction on intent was required (*see People v Smith*, 255 AD2d 404 [1998], *lv denied* 93 NY2d 878 [1999]; *People v Davis*, 118 AD2d 206, 211-212 [1986], *lv denied* 68 NY2d 768 [1986]). Contrary to the further contention of defendant, he was not deprived of effective assistance of counsel. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). As we previously concluded, there is no merit to defendant's contentions

concerning the alleged legal insufficiency of the evidence and the allegedly inadequate charge, and we thus conclude that defense counsel was not ineffective in failing to raise those contentions (*see e.g. People v Dozier*, 32 AD3d 1346, 1347 [2006], *lv dismissed* 8 NY3d 880 [2007]; *People v Lascelle*, 23 AD3d 1137, 1138 [2005], *lv denied* 6 NY3d 755 [2005]).

We also reject the contention of defendant that the court erred in refusing to suppress his statements to the police. The right to counsel as set forth in *People v Rogers* (48 NY2d 167 [1979]) does not extend to the situation presented in this case, in which defendant was arrested on a bench warrant for a prior pending unrelated charge and then, after waiving his *Miranda* rights, was questioned only on the new charges, i.e., the shooting of the victim in this case (*see People v Cawley*, 76 NY2d 331, 348-349, *rearg denied* 76 NY2d 890 [1990]; *People v Clarke*, 298 AD2d 259 [2002], *lv denied* 99 NY2d 613 [2003]; *People v Windbush*, 202 AD2d 527 [1994], *lv denied* 83 NY2d 878 [1994]). Where, as here, the defendant is arrested on a bench warrant and there is thus a break in custody, the *Rogers* derivative right to counsel rule is not violated (*see Clarke*, 298 AD2d 259 [2002]; *Windbush*, 202 AD2d 527 [1994]).

Finally, contrary to the contention of defendant, the court properly denied his request for an instruction concerning an alleged impeachment by benefit conferred on a witness. Here, the prosecution did not confer or reach any understanding with the witness with respect to any benefit he was to receive as a result of either his grand jury or trial testimony. Rather, the witness received immunity pursuant to CPL 190.40 by operation of law because of his grand jury testimony and, indeed, the witness was unaware that he had received that immunity. Consequently, there was no basis for the jury to conclude that any benefit he received might have affected the truthfulness of that testimony (*see* 1 CJI[NY] 7.24), and the court properly refused to give the impeachment by benefit conferred instruction. Present— Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.