■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASHAINE DeHANEY, Appellant. [889 NYS2d 194]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered February 29, 2008, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials. The record does not support the defendant's assertion that those statements were obtained in violation of his right to counsel (*see People v Bing,* 76 NY2d 331 [1990]; *People v Orlando,* 61 AD3d 1001 [2009]; *People v Tyler,* 43 AD3d 633 [2007]; *People v Garcia,* 40 AD3d 541 [2007]; *People v Clarke,* 298 AD2d 259 [2002]; *People v Acosta,* 259 AD2d 422 [1999]).

"[T]o the extent that the defendant bases his ineffective assistance claim on the failure of the defense counsel to make certain applications, there can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (*People v Carter,* 44 AD3d 677, 679 [2007] [citations and internal quotation marks omitted]; *see People v Stultz,* 2 NY3d 277, 287 [2004]). In addition, since the judgment of conviction was based on legally sufficient evidence, the defendant's challenges to the instructions given to the grand jury are not reviewable (*see* CPL 210.30 [6]; *People v Folkes,* 43 AD3d 956, 957 [2007]; *People v Hall,* 32 AD3d 864 [2006]; *People v Bedell,* 272 AD2d 622 [2000]).

Furthermore, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for exercising his right to proceed to trial (*see People v Zurita,* 64 AD3d 800 [2009]; *People v Davis,* 27 AD3d 761, 762 [2006]). It is to be anticipated that sentences imposed after trial may be more severe than those proposed in connection with a plea (*see People v Pena,* 50 NY2d 400 [1980], *cert denied* 449 US 1087 [1981]; *People v Webb,* 233 AD2d 469 [1996]). Moreover, the sentence imposed was not excessive (*see People v Felix,* 58 NY2d 156 [1983]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions, raised in his supplemental pro se brief, are without merit. Dillon, J.P., Florio, Belen and Roman, JJ., concur.