■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE O. TERRELL, Appellant. [910 NYS2d 368]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Ayres, J.), rendered March 18, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that he was deprived of the effective assistance of counsel are based, in part, on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Yagudaev*, 70 AD3d 984 [2010]; *People v Moss*, 70 AD3d 862 [2010]). Insofar as we are able to review the defendant's claims, we find that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Satterfield*, 66 NY2d 796 [1985]; *People v Baldi*, 54 NY2d 137 [1981]). Contrary to the defendant's contention, his attorney pursued a reasonable defense, based on the theory that the defendant's intoxication negated any intent on his part to cause the victim's death. Indeed, in light of the evidence adduced by the People, this was the only viable defense. The defendant's contentions that his trial counsel was ineffective in that he failed to make certain motions or arguments are unavailing, since "counsel's failure to make an argument that has little or no chance of success" does not constitute ineffectiveness (*People v Goddard*, 72 AD3d 839, 840 [2010]; *see People v DeHaney*, 66 AD3d 1040 [2009]). The defendant's remaining contentions in his supplemental pro se brief regarding ineffective assistance of counsel are without merit.

Since the defendant opposed the People's application to submit the charge of manslaughter in the first degree to the jury as a lesser-included offense of murder in the second degree, he waived his present claim that the County Court erred in failing to submit that charge (*cf. People v Hernandez*, 297 AD2d 389, 390 [2002]; *People v Green*, 205 AD2d 637 [1994]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Covello, Florio and Belen, JJ., concur.