■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAAN INGRAM, Appellant. [914 NYS2d 316]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered November 25, 2009, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his plea was not knowing, voluntary, or intelligent, and that the plea allocution was factually insufficient, are unpreserved for appellate review since he failed to move to withdraw his plea (*see People v Clarke*, 93

NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Duncan*, 78 AD3d 1193 [2010]; *People v Villalobos*, 71 AD3d 924 [2010]; *People v Nowell*, 46 AD3d 707 [2007]). Furthermore, the defendant's recitation of the facts underlying the crime of attempted robbery in the third degree did not cast significant doubt upon his guilt or otherwise call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666). The record reveals that the defendant's plea was factually sufficient, and was entered knowingly, voluntarily, and intelligently (*see People v Harris*, 61 NY2d 9 [1983]). Furthermore, the defendant's post-plea statements of innocence made to his probation officer which appear in the presentence investigation report did not warrant vacatur of his plea (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Morales*, 17 AD3d 487 [2005]; *People v Eaton*, 14 AD3d 577 [2005]; *People v Richardson*, 13 AD3d 561 [2004]). Notably, after the sentencing court questioned the defendant concerning his statements to the probation officer, the defendant readily admitted his guilt (*see People v James*, 192 AD2d 555, 556 [1993]; *People v Figueroa*, 146 AD2d 798, 799 [1989]).

The defendant's contention that he was deprived of the effective assistance of counsel as a consequence of his attorney's failure to make a motion to withdraw his plea based on his post-plea statements appearing in the presentence investigation report is without merit. There can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that had little or no chance of success (*see People v Terrell*, 78 AD3d 865 [2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]; *People v DeHaney*, 66 AD3d 1040, 1041 [2009]). The defendant has failed to show that defense counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different" (*Strickland v Washington*, 466 US 668, 694 [1984]). Furthermore, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Hughes*, 62 AD3d 1026 [2009]; *People v McKenzie*, 4 AD3d 437, 438 [2004]; *People v Boodhoo*, 191 AD2d 448, 449 [1993]). Dillon, J.P., Leventhal, Belen and Cohen, JJ., concur.