█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS J. ORTIZ, Appellant. [933 NYS2d 609]—

The defendant challenges the factual sufficiency of his plea allocution. Contrary to the People's contention, the defendant's waiver of his right to appeal was not valid (*see People v Dewberry*, 223 AD2d 555 [1996]), and therefore, the purported waiver does not bar review of the defendant's claim. Nevertheless, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]), and the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his plea (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Young*, 88 AD3d 918 [2011]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty (*see People v Seeber*, 4 NY3d 780, 781 [2005]).

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made also is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gantt*, 85 AD3d 815, 816 [2011]). In any event, his plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence imposed was excessive (*see People v Kazepis*, 101 AD2d 816, 817 [1984]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.