■ The People of the State of New York, Respondent, v Shareiff Davis, Appellant. [943 NYS2d 770]—Appeal by the defendant from a judgment of the Supreme Court, Dutchess County (Greller, J.), rendered June 3, 2011, convicting him of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution to criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 220.60 [3]; 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Claudio*, 64 NY2d 858 [1985]; *People v Ortiz*, 89 AD3d 1113 [2011], *lv denied* 18 NY3d 927 [2012]; *People v Young*, 88 AD3d 918 [2011]). Furthermore, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Ortiz*, 89 AD3d at 1113; *People v Young*, 88 AD3d at 918). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty to criminal possession of a weapon in the second degree (*see* Penal Law § 265.00 [15]; § 265.02 [1]; § 265.03 [3]; *People v*

*Seeber,* 4 NY3d 780, 781 [2005]; *People v Cavines,* 70 NY2d 882, 883 [1987]).

By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea-agreement process (*see People v Petgen,* 55 NY2d 529, 535 n 3 [1982]; *People v Collier,* 71 AD3d 909, 910 [2010]; *People v Turner,* 40 AD3d 1018, 1019 [2007]; *People v Silent,* 37 AD3d 625 [2007]). Further, the defendant was not deprived of the effective assistance of counsel arising from his counsel's failure to challenge the factual sufficiency of his plea allocution, since any such challenge had little or no chance of success (*see People v Ingram,* 80 AD3d 713, 714 [2011]; *People v Terrell,* 78 AD3d 865 [2010]; *People v Goddard,* 72 AD3d 839, 840 [2010]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.