■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA GIBSON, Appellant. [944 NYS2d 237]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered February 10, 2011, convicting her of attempted burglary in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since she did not move to withdraw her plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3], 470.05 [2]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Hayes*, 91 AD3d 792 [2012]; *People v Kulmatycski*, 83 AD3d 734 [2011]; *People v Rusielewicz*, 45 AD3d 704 [2007]). Furthermore, the "rare case" exception to the preservation requirement does not apply here because the defendant's plea allocution did not cast significant doubt on her guilt, negate an essential element of the crime, or call into question the voluntariness of her plea (*see People v Lopez*, 71 NY2d at 666; *People v Ortiz*, 89 AD3d 1113 [2011], *lv denied* 18 NY3d 927 [2012]; *People v Young*, 88 AD3d 918 [2011]; *People v Deyes*, 3 AD3d 575, 576 [2004]). In any event, the record reveals that the defendant's plea was factually sufficient, and was entered knowingly, voluntarily, and intelligently (*see People v Harris*, 61 NY2d 9 [1983]). Moreover, the defendant's post-plea statements of innocence made to her probation officer that appear in the presentence investigation

report did not warrant vacatur of her plea (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Ingram*, 80 AD3d 713, 714 [2011]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Morales*, 17 AD3d 487 [2005]; *People v Eaton*, 14 AD3d 577 [2005]).

The defendant's contention that she was deprived of the effective assistance of counsel as a consequence of her attorney's failure to make a motion to withdraw her plea or to withdraw as counsel is without merit. There can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that, as here, had little or no chance of success (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Ingram*, 80 AD3d at 714; *People v Terrell*, 78 AD3d 865 [2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]). Furthermore, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v Henry*, 95 NY2d 563, 566 [2000]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Yarborough*, 83 AD3d 875 [2011]; *People v Watt*, 82 AD3d 912, 912-913 [2011]; *People v Moss*, 74 AD3d 1360 [2010]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.