People v Gillard (2020 NY Slip Op 03599)





People v Gillard


2020 NY Slip Op 03599


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11697 5122/16

[*1] The People of the State of New York, Respondent,
v
Ernest Gillard, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 25, 2018, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury was justified in reaching its conclusion based on the weight of the credible evidence presented at trial. It is undisputed that someone hit the victim with a hard object and that defendant was present when the victim was hit. The victim testified that he immediately turned around after being hit, saw a can on the ground, and saw that defendant was the only person standing behind him. The victim also testified that he saw the defendant run away with the can and witnesses saw the defendant with the can in an elevator. Although none of the witnesses saw who assaulted the victim, the evidence, viewed as a whole, supports the inference that the assailant was defendant.
Defendant did not preserve his objections to the sufficiency of the jury charge (see e.g. People v Garcia, 40 AD3d 541, 542 [1st Dept 2007], lv denied 9 NY3d 961 [2007]) and we decline to review them in the interest of justice. As an alternative holding, we find that the charge sufficiently conveyed to the jury the People's obligation to prove defendant's identity as the assailant. If there was any deficiency in this regard in the initial charge, the matter was adequately addressed in a supplemental charge, to which defendant had no objection.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK