THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASKER MCLEOD, Appellant. [892 NYS2d 785]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MERCER, Appellant. [892 NYS2d 784]

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance involved the voluntariness of his plea (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Opoku*, 61 AD3d 705 [2009]). To the extent that the defendant is claiming that the ineffective assistance of counsel rendered his plea involuntary, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (*see People v Ford*, 86 NY2d 397 [1995]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Gallo*, 54 AD3d 964 [2008]; *People v Boodhoo*, 191 AD2d 448 [1993]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.