■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO AGUAYO, Appellant. [899 NYS2d 878]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Blumenfeld, J.), both rendered October 23, 2008, convicting him of driving while intoxicated as a felony under indictment No. 1357/07, and enterprise corruption and criminal possession of stolen property in the fourth degree under indict-

ment No. 1824/07, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

"A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court" (*People v Levy*, 39 AD3d 670 [2007]; *see* CPL 220.60 [3]; *People v Jackson*, 56 AD3d 492, 492-493 [2008]; *People v Gutierrez*, 35 AD3d 883). Here, the defendant's plea was knowingly, voluntarily, and intelligently made (*see People v Jackson*, 56 AD3d at 492-493 [2006]; *People v Gedin*, 46 AD3d 701 [2007]; *People v Gutierrez*, 35 AD3d at 883). The defendant's contention that his plea of guilty was coerced is belied by the record (*see People v Jackson*, 56 AD3d at 492-493; *People v Gedin*, 46 AD3d at 701; *People v Gutierrez*, 35 AD3d at 883).

"[T]he defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea" (*People v Gedin*, 46 AD3d at 701; *see People v Dixon*, 41 AD3d 861, 862 [2007]). To the extent that the defendant is claiming that the ineffective assistance of counsel rendered his plea involuntary, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Mercer*, 69 AD3d 960 [2010]; *People v Brooks*, 36 AD3d 929 [2007]; *People v Boodhoo*, 191 AD2d 448, 449 [1993]; *People v Mayes*, 133 AD2d 905, 906 [1987]). Moreover, the defendant stated at the plea allocution that he was satisfied with his counsel's representation (*see People v Jackson*, 56 AD3d at 492-493; *People v Sherrill*, 27 AD3d 588 [2006]).

The defendant's valid waiver of his right to appeal precludes review of his challenge to the sentences as excessive (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Jackson*, 56 AD3d at 492-493; *People v Gallo*, 54 AD3d 964 [2008]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.