■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SORINO, Appellant. [918 NYS2d 348]—

By pleading guilty, the defendant forfeited appellate review of any claim of ineffective assistance of counsel that did not directly involve the negotiation of the plea (*see People v Petgen*,

55 NY2d 529, 535 n 3 [1982]; *People v Collier*, 71 AD3d 909, 910 [2010]; *People v Curry*, 56 AD3d 489 [2008]; *People v Scalercio*, 10 AD3d 697 [2004]). To the extent that the defendant's claim of ineffective assistance of counsel does not relate to the voluntariness of the plea, the defendant's valid and unrestricted waiver of his right to appeal foreclosed appellate review of that claim (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Aguayo*, 73 AD3d 938, 939 [2010]; *People v Taubenkraut*, 48 AD3d 598 [2008]). To the extent that the defendant is claiming that his counsel was ineffective such that the voluntariners of his plea was affected, this contention is without merit (*see Hill v Lockhart*, 474 US 52, 58-59 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]; *People v McDonald*, 1 NY3d 109, 113-115 [2003]).

The defendant's waiver of his right to appeal precludes appellate review of his claim that his sentence was excessive (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Hidalgo*, 91 NY2d 733 [1998]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.