■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WATT, Appellant. [918 NYS2d 347]—

The defendant knowingly, voluntarily, and intelligently waived his right to appeal his conviction and sentence as part of the plea agreement (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Callahan*, 80 NY2d 273 [1992]; *People v Seaberg*, 74 NY2d 1 [1989]). The defendant's valid and unrestricted waiver of his right to appeal forecloses appellate review of his claims that the County Court improperly denied his motion to adjourn sentencing to allow him additional time to make a restitution payment and that the sentence was excessive (*see People v Lewis*, 73 AD3d 1212 [2010]; *People v Safey-Kelsch*, 301 AD2d 541 [2003]).

The defendant's waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Aguayo*, 73 AD3d 938, 939 [2010]; *People v Gedin*, 46 AD3d 701, 701 [2007]; *People v Dixon*, 41 AD3d 861, 862 [2007]). To the extent that the defendant is claiming that the ineffective as-

sistance of counsel rendered his plea involuntary, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Aguayo*, 73 AD3d at 939; *People v Hughes*, 62 AD3d 1026 [2009]). Moreover, the defendant stated at the plea allocution that he was satisfied with his counsel's representation (*see People v Aguayo*, 73 AD3d at 939; *People v Jackson*, 56 AD3d 492, 492-493 [2008]). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.