■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENSLEY ROBERTS, Appellant. [920 NYS2d 386]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kolm, J.), rendered January 28, 2008, convicting him of robbery in the second degree (three counts), assault in the third degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying his *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) because the prosecutor's explanation for peremptorily challenging three black potential jurors was pretextual. However, the same issue was previously raised by the defendant's codefendant with whom he was tried. On the same record as is present here, this Court found that the *Batson* challenge was without merit (*see People v Dehaarte*, 65 AD3d 593 [2009]). Upon reviewing the record here, we see no reason to depart from our prior determination.

Contrary to the defendant's contention, his allegations of prosecutorial misconduct were speculative, and therefore insufficient to warrant an investigation (*see People v Brown*, 56 NY2d 242 [1982]; *People v Chevalier*, 226 AD2d 925 [1996]).

The defendant's claim that he was deprived of the effective assistance of counsel is, in part, based on matter dehors the record and, to that extent, it may not be reviewed on direct appeal (*see People v Ramos*, 77 AD3d 773, 775 [2010]). Insofar as the record permits review of the claim, we find that defense counsel provided meaningful representation (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the People's claim, the defendant's contention that the evidence was legally insufficient to identify him as a participant in the crimes of which he was convicted is preserved for appellate review (*see* CPL 470.05 [2]). His further contention that the evidence was legally insufficient to support the elements of criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Martin*, 48 AD3d 701, 702 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of all the crimes of which he was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 634-635 [2006]).

Rivera, J.P., Dillon, Hall and Roman, JJ., concur.