■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL YARBOROUGH, Appellant. [920 NYS2d 681]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered January 22, 2010, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see* CPL 220.60 [3]). The record supports the Supreme Court's determination that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Scott*, 77 AD3d 689 [2010]; *People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Further, although the defendant claims, inter alia, that he was coerced into pleading guilty, his claims are belied by the record (*see People v Burgess*, 81 AD3d 969 [2011]; *People v Scott*, 77 AD3d 689 [2010]; *People v Aguayo*, 73 AD3d 938, 939 [2010]).

"[T]he defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea" (*People v Gedin*, 46 AD3d 701, 701 [2007]; *see People v Aguayo*, 73 AD3d at 939). To the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea was affected, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Aguayo*, 73 AD3d at 939).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence was excessive (*see People v De Alvarez*, 59 AD3d 732, 733 [2009]; *People v Fanelli*, 8 AD3d 296 [2004]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.