THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DUAH, Appellant. [936 NYS2d 907]

Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal his convictions and sentence as part of the plea agreement (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 11 [1989]; *see also People v Belle*, 74 AD3d 1477, 1478-1479 [2010]).

The defendant's valid waiver precludes appellate review of his claim that he was denied the effective assistance of counsel, except to the extent that counsel's alleged ineffectiveness affected the voluntariness of his plea (*see People v Williams*, 84 AD3d 1417, 1418 [2011]; *People v Yarborough*, 83 AD3d 875 [2011]; *People v Watt*, 82 AD3d 912 [2011]; *People v Aguayo*, 73 AD3d 938 [2010]). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that he pleaded guilty to the charges set forth in the indictment in exchange for a favorable sentencing commitment, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Yarborough*, 83 AD3d at 875; *People v Watt*, 82 AD3d at 912-913; *People v Aguayo*, 73 AD3d at 939). Moreover, the defendant acknowledged at the plea allocution that he was satisfied with his counsel's representation (*see People v Watt*, 82 AD3d at 913; *People v Aguayo*, 73 AD3d at 939; *see also People v Haffiz*, 77 AD3d 767, 768 [2010], *lv granted* 17 NY3d 796 [2011]).

The defendant's waiver of his right to appeal also precludes review of his excessive sentence claim (*see People v Lopez*, 6 NY3d at 255; *People v Foy*, 89 AD3d 1103 [2011]; *People v Hawthorne*, 85 AD3d 819 [2011]; *People v Sorino*, 82 AD3d 911, 912 [2011]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.