*1077 Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered March 10, 2009, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (see CPL 220.60 [3]; 470.05 [2]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]), and the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v McNair, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; People v Lopez, 71 NY2d at 666; People v Young, 88 AD3d 918, 918 [2011]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty (see People v Seeber, 4 NY3d 780, 781 [2005]; People v Lopez, 71 NY2d at 666 n 2).
By pleading guilty, the defendant forfeited appellate review of any claim of ineffective assistance of counsel that did not directly involve the negotiation of his plea of guilty (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Sorino, 82 AD3d 911 [2011]; People v Collier, 71 AD3d 909, 910 [2010]; People v Turner, 40 AD3d 1018, 1019 [2007]). To the extent that the defendant is claiming that the validity of the plea was affected by his counsel’s ineffectiveness, this contention is without merit (see Strickland v Washington, 466 US 668, 694 [1984]; People v Ford, 86 NY2d 397, 404-405 [1995]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.