The defendant failed to preserve for appellate review his claims that the plea of guilty was not knowingly, voluntarily, and intelligently entered, and that the County Court failed to advise him about the deportation consequences of his plea (see CPL 220.60 [3]; 470.05 [2]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Henson, 96 AD3d 1076 [2012]; People v Ramnaraine, 92 AD3d 809 [2012]). Furthermore, the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v McNair, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; see People v Lopez, 71 NY2d at 666; People v Young, 88 AD3d 918, 918 [2011]). In any event, the defendant’s claims are belied by the record, and the defendant’s post-plea statements of innocence made to his probation officer that appear in the presentence investigation report do not warrant vacatur of his plea (see People v Dixon, 29 NY2d 55, 57 [1971]; People v Gibson, 95 AD3d 1033, 1033-1034 [2012], lv denied 19 NY3d 996 [2012]; People v Ingram, 80 AD3d 713, 714 [2011]; People v Morales, 17 AD3d 487 [2005]).
By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea bargaining process (see People v Petgen, *1028 55 NY2d 529, 535 n 3 [1982]; People v Davis, 95 AD3d 1032, 1033 [2012], lv denied 19 NY3d 972 [2012]; People v Collier, 71 AD3d 909, 910 [2010]; People v Turner, 40 AD3d 1018, 1019 [2007]). Furthermore, the defendant’s valid waiver of the right to appeal (see People v Ramos, 7 NY3d 737 [2006]; People v Muniz, 91 NY2d 570 [1998]; People v Callahan, 80 NY2d 273 [1992]) precludes appellate review of his claims of ineffective assistance of counsel that did not affect the voluntariness of his plea (see People v Duah, 91 AD3d 884 [2012]; People v Williams, 84 AD3d 1417, 1418 [2011]; People v Yarborough, 83 AD3d 875 [2011]). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see Strickland v Washington, 466 US 668, 694 [1984]; People v Henry, 95 NY2d 563, 566 [2000]; People v Ford, 86 NY2d 397, 404 [1995]; People v Yarborough, 83 AD3d at 875; People v Moss, 74 AD3d 1360 [2010]). Moreover, the defendant’s claim of ineffective assistance of counsel is refuted by the record of the plea proceeding, in which he acknowledged that he had enough time to discuss the matter with his attorney and was satisfied with his attorney’s advice and legal services (see People v Maye, 64 AD3d 617 [2009]; People v Harris, 222 AD2d 522, 523 [1995]; People v Richardson, 214 AD2d 624, 625 [1995]). Rivera, J.E, Florio, Dickerson, Leventhal and Lott, JJ., concur.