Appeal by the defendant, by permission, from an order of the Supreme Court, Nassau County (Grella, J.), dated September 2, 2015, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered April 24, 2014, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant’s motion.
 

 On June 5, 2012, the defendant was arrested in Nassau County for possession of two gravity knives. He was thereafter indicted in the Supreme Court, Nassau County, on two counts of criminal possession of a weapon in the third degree. On May 1, 2013, the defendant was arrested on unrelated federal charges and taken into federal custody. On November 26, 2013, he pleaded guilty in the United States District Court for the Southern District of New York (Pauley III, J.) to possession of a firearm in violation of 18 USC § 924 (c) (1) (A) (i). On January 10, 2014, the defendant appeared in the Supreme Court, Nassau County, represented by counsel and pleaded guilty to one count of attempted criminal possession of a weapon in the third degree, in full satisfaction of the indictment. In exchange for his plea, the court promised to sentence the defendant to an indeterminate term of imprisonment of IV2 to 3 years. On April 23, 2014, the defendant was sentenced in federal court to a term of imprisonment of 60 months followed by 3 years of supervised release. The following day, the defendant was sentenced in the Supreme Court, Nassau County, to the promised term of imprisonment of IV2 to 3 years. During that proceeding, the court acknowledged that at the plea proceeding, it had granted the application of the defendant’s attorney to set bail nunc pro tunc to May 1, 2013, the date the defendant was taken into custody on the federal charges. However, the court made no representation as to whether its sentence would run concurrent with or consecutive to the federal sentence.
 

 In July 2015, the defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction, contending that he pleaded guilty in reliance upon his attorney’s representation that the sentence would run concurrent with his sentence in the federal matter. As such, he argued that his plea of guilty was not knowing, voluntary, and intelligent and that he received ineffective assistance of counsel because his attorney inaccurately advised him that his state sentence would expire while he was serving his federal sentence. The Supreme Court denied the motion without a hearing.
 

 The Supreme Court erred in summarily denying the motion without a hearing (see CPL 440.30 [4], [5]). A hearing will be appropriate where a defendant comes forward with “allegations that raise a triable issue of fact sufficient to challenge the presumed validity of a judgment of conviction” (People v Waymon, 65 AD3d 708, 709 [2009]). Here, as the People concede, the evidence submitted by the defendant was sufficient to raise a triable issue of fact as to whether he believed, prior to pleading guilty, based on the advice of his attorney, that his state sentence would run concurrent with his federal sentence and whether he would have rejected the plea agreement in the absence of concurrent sentences (cf. People v Balcerak, 144 AD3d 833 [2016]).
 

 The defendant’s remaining contention, that the Supreme Court abused its discretion in failing to direct that his sentence run concurrent with his federal sentence, was not properly the subject of the defendant’s motion pursuant to CPL 440.10 (see CPL 440.20).
 

 Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the defendant’s motion.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.