People v Brown (2019 NY Slip Op 01786)





People v Brown


2019 NY Slip Op 01786


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-00895
2017-00896

[*1]The People of the State of New York, respondent,
v
Sherman E. Brown, appellant. (Ind. Nos. 15-748, 15-685)


Michele Marte-Indzonka, Newburgh, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Middletown, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Orange County (Robert H. Freehill, J.), both rendered January 3, 2017, convicting him of criminal possession of a controlled substance in the fourth degree under Indictment No. 15-748, and criminal possession of a controlled substance in the fourth degree under Indictment No. 15-685, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 254; People v Coachman, 154 AD3d 957, 957).
The defendant's contention that his pleas were not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Fontanet, 126 AD3d 723). However, the defendant's contention is unpreserved for appellate review, since he did not move to withdraw his pleas or otherwise raise this issue before the County Court (see People v Ellis, 142 AD3d 509, 510; People v Gomez, 114 AD3d 701, 701). In any event, this contention is without merit. The defendant acknowledged, inter alia, that he understood the acts he was being charged with; he did not need additional time to discuss the elements of the offenses or possible defenses with counsel; he was not under the influence of any alcohol or drugs that would affect his ability to knowingly participate in the proceedings; he was satisfied with his legal representation; he understood the rights he was forfeiting by pleading guilty; no one forced, threatened, or coerced him to plead guilty against his will; and he was pleading guilty voluntarily.
By pleading guilty, the defendant forfeited any claims of ineffective assistance of counsel that did not directly involve the plea-negotiation process (see People v Fakhoury, 103 AD3d 664; People v Opoku, 61 AD3d 705). Moreover, the defendant's valid waiver of his right to appeal precludes review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his pleas (see People v Weston, 145 AD3d 746, 747; People v Opoku, 61 AD3d 705). To the extent that the defendant contends that the ineffective assistance of counsel affected the voluntariness of his pleas, the record [*2]demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Soria, 99 AD3d 1027, 1028; People v Yarborough, 83 AD3d 875, 875). Furthermore, the defendant's claim of ineffective assistance of counsel is refuted by the record of the plea proceeding, in which the defendant acknowledged that he had enough time to discuss the matter with his attorney and was satisfied with his attorney's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Trimble, 137 AD3d 1309; People v Soria, 99 AD3d at 1028). Nothing that occurred during the plea allocution called into question the voluntariness of the defendant's plea (see People v Trimble, 137 AD3d 1309; People v Wright, 95 AD3d 1046, 1047).
Contrary to the defendant's contention, raised in his pro se supplemental brief, his challenge to the felony complaint is academic, since the felony complaint was superseded by an indictment (see People v Barnett, 108 AD3d 638, 638). The defendant's contentions, also raised in his pro se supplemental brief, that the evidence before the grand jury was legally insufficient and that the police lacked reasonable suspicion to support the stop of the vehicle driven by the defendant were forfeited by his pleas of guilty (see People v Hansen, 95 NY2d 227, 233; People v Fernandez, 67 NY2d 686, 688; People v Woods, 115 AD3d 997, 998; People v Devodier, 102 AD3d 884, 885; People v Adams, 31 AD3d 1063).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court