People v Pray (2020 NY Slip Op 02940)





People v Pray


2020 NY Slip Op 02940


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-11850
 (Ind. No. 1771/14)

[*1]The People of the State of New York, respondent,
v
Charles Pray, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered September 12, 2016, convicting him of murder in the second degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree, criminal possession of a controlled substance in the seventh degree, driving while ability impaired by drugs, and aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Pastor, 28 NY3d 1089, 1090-1091; People v Anderson, 170 AD3d 878; People v Williams, 110 AD3d 746, 747). In any event, the defendant's contention is without merit. Contrary to the defendant's contention, the chronology in which the court conducted the plea allocution does not render his plea invalid (see People v Martinez, 159 AD3d 836). Moreover, "[a]lthough the defendant was not advised by the County Court of each of the federal constitutional rights he was waiving by pleading guilty, a plea of guilty will not be invalidated solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him . . . a list of detailed waivers before accepting the guilty plea'" (People v Jackson, 114 AD3d 807, 807-808, quoting People v Tyrell, 22 NY3d 359, 365 [internal quotation marks omitted]; see People v Harris, 61 NY2d 9, 16). Here, the court's express advisement to the defendant that by pleading guilty he was waiving certain constitutional rights, taken together with the rationality of the plea and the other assurances of voluntariness provided on the record, demonstrate that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Harris, 61 NY2d at 21-22; People v Jackson, 114 AD3d at 808). Further, the defendant's contention that the plea was not knowingly, voluntarily, and intelligently entered because the court failed to sufficiently inquire as to a potential intoxication defense is without merit. The record reflects that defense counsel spoke at length with the defendant regarding the intoxication defense prior to the defendant accepting the plea, the defendant acknowledged that he was waiving any defenses that he had by pleading guilty, and the defendant did not make any statements during [*2]the plea allocution that potentially negated the element of intent (see People v Diaz-Hernandez, 166 AD3d 1389, 1390; People v Hopper, 153 AD3d 1045, 1046; People v Loucks, 125 AD3d 887, 890).
The defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). The County Court's statements improperly suggested that the waiver of the right to appeal was mandatory rather than a right that the defendant was being asked to voluntarily relinquish as a condition of the plea agreement, and the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Mojica, 178 AD3d 856; People v Waldon, 157 AD3d 913, 914; People v Santeramo, 153 AD3d 1286). Moreover, the record does not demonstrate that the defendant understood the distinction between the right to appeal and other trial rights forfeited incident to his plea of guilty (see People v Waldon, 157 AD3d at 914; People v Santeramo, 153 AD3d at 1286-1287). Therefore, the defendant's purported waiver of the right to appeal does not preclude appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at, 255).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court