People v Johnson (2020 NY Slip Op 04581)





People v Johnson


2020 NY Slip Op 04581


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00966
 (Ind. No. 18-00208)

[*1]The People of the State of New York, respondent,
v
Antoine Johnson, appellant.


Michele Marte-Indzonka, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered November 20, 2018, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Parker, 176 AD3d 1106, 1107; People v Brown, 170 AD3d 878, 879; People v Fakhoury, 103 AD3d 664; People v Opoku, 61 AD3d 705). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that he received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (see People v Brown, 170 AD3d at 879; People v Soria, 99 AD3d 1027, 1028; People v Yarborough, 83 AD3d 875). Furthermore, the defendant's claim of ineffective assistance of counsel is refuted by the record of the plea proceeding, in which he acknowledged that he had been afforded sufficient time to consult with his attorney and was satisfied with his attorney's representation, that he had not been forced into pleading guilty, and that he was entering into the plea freely and voluntarily (see People v Brown, 170 AD3d at 880; People v Trimble, 137 AD3d 1309, 1310; People v Soria, 99 AD3d at 1028). Nothing that occurred during the plea allocution called into question the voluntariness of the defendant's plea (see People v Trimble, 137 AD3d at 1309; People v Wright, 95 AD3d 1046, 1047).
The defendant's contention that the County Court failed to fully comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (see People v Sutton, 161 AD3d 783, 784; People v Csoke, 11 AD3d 631). In any event, the court substantially complied with the statute, and there is no indication that the defendant intended to challenge the constitutionality of his prior conviction (see People v Smothers, 175 AD3d 1441, 1442; People v Giddens, 161 AD3d 1191, 1194-1195; People v Rodriguez, 142 AD3d 1189, 1190-1191; People v Carmello, 114 AD2d 965; People v Bryant, 47 AD2d 51, 62-63).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court