People v Guevara-Lopez (2020 NY Slip Op 07221)





People v Guevara-Lopez


2020 NY Slip Op 07221


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE-NELSON
LINDA CHRISTOPHER, JJ.


2018-14940
 (Ind. No. 1673/18)

[*1]The People of the State of New York, respondent,
v
Salvador Guevara-Lopez, appellant.


Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for
respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered December 4, 2018, convicting him of aggravated driving while intoxicated with a child (2 counts), driving while intoxicated, per se, driving while intoxicated, endangering the welfare of a child, and operating a motor vehicle the wrong way on a one-way roadway, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the County Court's colloquy mischaracterized the scope of the waiver (see People v Thomas, 34 NY3d 545, 565-566). Moreover, even a valid waiver of the right to appeal would not preclude review of the defendant's claim with respect to the voluntariness of his plea (see People v Murphy, 114 AD3d 704, 704-705).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue before the County Court (see People v Pray, 183 AD3d 842, 842; People v Karadag, 181 AD3d 620; People v Palladino, 140 AD3d 1194, 1194-1195).
In any event, the defendant's contention is without merit. The chronology in which the County Court conducted the plea allocution does not render his plea invalid (see People v Pray, 183 AD3d at 842; People v Martinez, 159 AD3d 836, 836). Moreover, "[a] guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama" (People v Pellegrino, 26 NY3d 1063, 1063; accord People v Conceicao, 26 NY3d 375, 379). "The County Court's failure to recite all of the Boykin rights does not warrant vacatur of the defendant's guilty plea, as the record as a whole affirmatively demonstrates that the defendant entered his plea understandingly and voluntarily" (People v Karadag, 181 AD3d at 621; see People v Conceicao, 26 NY3d at 383). Here, the court's express advisement to the defendant that by pleading guilty he was waiving certain constitutional rights, taken together with the rationality of the plea and the other assurances of voluntariness provided on the record, demonstrate that the [*2]defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Harris, 61 NY2d at 21-22; People v Pray, 183 AD3d at 843; People v Jackson, 114 AD3d 807, 808).
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court