People v Rodriquez (2021 NY Slip Op 03336)





People v Rodriquez


2021 NY Slip Op 03336


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-10794
 (Ind. No. 2/19)

[*1]The People of the State of New York, respondent,
v
Jeffrey Rodriquez, appellant. Thomas T. Keating, Dobbs Ferry, NY, for appellant.


William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered August 27, 2019, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in determining, after a hearing, that the defendant was fit to stand trial (see CPL 730.10). The burden of proof is on the prosecution to establish a defendant's competence, and the burden requires that fitness to stand trial be established by a preponderance of the evidence (see People v Mendez, 1 NY3d 15, 19). A competency inquiry involves a legal, not a medical, determination (see id. at 20). We are satisfied that the prosecution met its burden and perceive no basis upon which to disturb the court's determination.
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review since he did not move to withdraw the plea under CPL 220.60(3) or otherwise raise the issue before the County Court (see People v Chambers, 177 AD3d 645, 645). In any event, the defendant's plea allocution was factually sufficient and the record as a whole demonstrates that his plea of guilty was knowing, voluntary, and intelligent (see People v Fiumefreddo, 82 NY2d 536, 543).
By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Parker, 176 AD3d 1106, 1107; People v Brown, 170 AD3d 878, 879). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that he received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (see People v Brown, 170 AD3d at 879; People v Soria, 99 AD3d 1027, 1028; People v Yarborough, 83 AD3d 875). Furthermore, the defendant's claim of ineffective assistance of counsel is refuted by the record of the plea proceeding, in which he acknowledged that he had been afforded sufficient time to consult with his attorney and was satisfied with his attorney's representation, that he had not been forced into [*2]pleading guilty, and that he was entering into the plea freely and voluntarily (see People v Brown, 170 AD3d at 880; People v Trimble, 137 AD3d 1309, 1310; People v Soria, 99 AD3d at 1028).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court