People v Caldwell (2022 NY Slip Op 01172)





People v Caldwell


2022 NY Slip Op 01172


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-04349
2019-04350
(Ind. Nos. 1084/18, 1211/18)

[*1]The People of the State of New York, respondent,
v Jamaal Caldwell, appellant. 


Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Mark D. Cohen, J.), both rendered March 11, 2019, convicting him of attempted robbery in the first degree under Indictment No. 1084/18 and attempted robbery in the first degree under Indictment No. 1211/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Gamble, 198 AD3d 917; People v Andrad-Gomez, 194 AD3d 731). The record reflects that the County Court adequately explained, and the defendant acknowledged that he understood, the nature of the right to appeal and the rights encompassed by the appeal waiver (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248, 256). Furthermore, the court's oral colloquy cured any deficiencies in the written waiver form (see People v Thomas, 34 NY3d at 563).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that counsel's alleged ineffectiveness affected the voluntariness of the pleas (see People v Soria, 99 AD3d 1027; People v Duah, 91 AD3d 884, 885). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the contention is without merit (see People v Moore, 140 AD3d 1091).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 255-256).
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court