People v Chacon-Diaz (2022 NY Slip Op 01463)





People v Chacon-Diaz


2022 NY Slip Op 01463


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11626
 (Ind. No. 18-00262)

[*1]The People of the State of New York, respondent,
v
Hector Chacon-Diaz, appellant.


Del Atwell, East Hampton, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher and Renada N. Lewis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered March 27, 2019, convicting him of predatory sexual assault against a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d 545; People v Lopez, 199 AD3d 704, 704;
People v Coplin, 194 AD3d 739; People v Carrera, 188 AD3d 1247). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248, 255-256).
By pleading guilty, the defendant forfeited those claims of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence (see People v Johnson, 186 AD3d 743, 744; People v Brown, 170 AD3d 878, 879). Moreover, the defendant's valid waiver of the right to appeal precludes appellate review of his claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (see People v Brown, 170 AD3d at 879; People v Weston, 145 AD3d 746, 747).
To the extent the defendant contends that the alleged ineffective assistance of counsel involved the negotiation of the plea and affected the voluntariness thereof, the record demonstrates that he received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Arce, 196 AD3d 696, 697; People v Andrea, 98 AD3d 627, 627-628). Further, the defendant's claim is belied by his statements during the plea proceeding, in which he acknowledged under oath that he was satisfied with his counsel's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Rodriquez, 194 AD3d 1078, 1079; People v Brown, 170 AD3d at 880).
The defendant's remaining contention is without merit.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court