People v Pil-Yong Yoo (2022 NY Slip Op 05222)

People v Pil-Yong Yoo

2022 NY Slip Op 05222

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-03018 
2020-08011

[*1]The People of the State of New York, respondent,
v
Pil-Yong Yoo, appellant. 

Law Offices of Thomas F. Liotti, LLC, Garden City, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant (1) from a judgment of the County Court, Suffolk County (Martin Efman, J.), rendered March 14, 2018, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court (Anthony S. Senft, Jr., J.) dated April 30, 2020, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction and pursuant to CPL 440.20 to set aside the sentence.
ORDERED that the judgment and the order are affirmed.
On November 16, 2017, the defendant entered a plea of guilty to criminal possession of a weapon in the third degree (Penal Law § 265.02[7]), and on March 14, 2018, he was sentenced. The defendant appeals from the judgment. Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment and pursuant to CPL 440.20 to set aside the sentence. In an order dated April 30, 2020, the County Court denied the motion. This Court granted the defendant leave to appeal from the order, and subsequently consolidated the appeals from the judgment and the order.
By pleading guilty, the defendant forfeited review of any claim of ineffective assistance of counsel that did not directly involve counsel's performance with respect to the plea negotiation and sentence (see People v Rodriquez, 194 AD3d 1078, 1078; People v Bhuiyan, 181 AD3d 699, 700-701). The defendant's claim of ineffective assistance of counsel with respect to the plea negotiation and sentence is refuted by the record of the plea proceeding, in which he acknowledged that he had been afforded sufficient time to consult with his attorney and was satisfied with his attorney's representation, that he had not been forced into entering a plea of guilty, and that he was entering into the plea freely and voluntarily (see People v Rodriquez, 194 AD3d at 1079; People v Johnson, 186 AD3d 743, 744). "The mere fact that defense counsel may have advised the defendant as to the risks of trial," including the possibility of a higher sentence "if he were to be convicted, is insufficient to establish coercion" (People v Bush, 132 AD3d 691, 691-692; cf. People v Oquendo, 155 AD3d 894, 896).
The defendant, alleging that his conviction was procured by prosecutorial and police misconduct or by negligence, failed to "state the sources of such information and the grounds of such belief" as required by statute (CPL 440.30[1]). The defendant similarly failed to come forward with more than "conclusory allegations of ultimate facts" (People v Waymon, 65 AD3d 708, 709; see People v Clemmons, 177 AD3d 899, 900). Under these circumstances, the "allegations of prosecutorial misconduct were speculative," and the County Court providently exercised its discretion in denying, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction on those grounds (People v Roberts, 83 AD3d 739, 740; see People v Mazzilli, 125 AD2d 602, 603; see also CPL 440.30[4][b]).
"A guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama (395 US 238)" (People v Pellegrino, 26 NY3d 1063, 1063; see People v Conceicao, 26 NY3d 375, 379; People v Guevara-Lopez, 189 AD3d 881, 882; People v Karadag, 181 AD3d 620, 620-621). The court's "failure to recite all of the Boykin rights does not warrant vacatur of the defendant's guilty plea" where "the record as a whole affirmatively demonstrates that the defendant entered his [or her] plea understandingly and voluntarily" (People v Karadag, 181 AD3d at 621; see People v Conceicao, 26 NY3d at 383; People v Guevara-Lopez, 189 AD3d at 882). Here, the County Court's express advisement to the defendant that, by pleading guilty, he was waiving a number of important rights, including his right to trial, taken together with the rationality of the plea and the other assurances of voluntariness provided on the record, demonstrate that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Karadag, 181 AD3d at 621; see also People v Conceicao, 26 NY3d at 383).
The defendant's remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court