People v Gioia (2025 NY Slip Op 04018)

People v Gioia

2025 NY Slip Op 04018

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2024-04610

[*1]The People of the State of New York, respondent,
v
Holden Gioia, appellant. (S.C.I. No. 70085/24)

Steven A. Feldman, Manhasset, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (MaryJane MacCrae of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Joseph J. Spofford, Jr., J.), rendered May 21, 2024, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. The County Court properly advised the defendant prior to accepting the defendant's plea of guilty that the appeal waiver was a condition of the plea agreement offered by the People (see People v Bradshaw, 18 NY3d 257, 264; People v Felipe, 236 AD3d 920, 920-921). Further, the court confirmed that the defendant had discussed the appeal waiver with his counsel. The record demonstrates that the defendant's waiver of his right to appeal was knowing, voluntary, and intelligent (see People v Bradshaw, 18 NY3d at 264; People v Felipe, 236 AD3d at 921; People v Jackson, 213 AD3d 697, 697).
Since the defendant did not move to withdraw his plea or otherwise raise the issue before the County Court, his contention that his plea of guilty was not knowing, intelligent, and voluntary is unpreserved for appellate review (see People v Mujica, 236 AD3d 677, 677; People v Pray, 183 AD3d 842, 842). An exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Delorbe, 35 NY3d 112, 119; People v Mujica, 236 AD3d at 677).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention regarding the sentence (see People v Lopez, 6 NY3d 248, 255; People v Foy, ____ AD3d ____, ____, 2025 NY Slip Op 02796, *1).
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court