People v Mezacamacho
2026 NY Slip Op 03826
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Rolys Mezacamacho, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-08325, (Ind. No. 70478/23)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kerriann Kelly of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Karen M. Wilutis, J.), rendered November 15, 2024, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. Under the circumstances of this case, including the defendant's lack of experience with the criminal justice system and his limited education, the County Court's oral colloquy was insufficient to establish that the defendant understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Martinez, 239 AD3d 890; People v Hall, 224 AD3d 776). Although the defendant signed a written waiver of his right to appeal, the court failed to obtain confirmation that the defendant had read the waiver or discussed it with defense counsel (see People v Cruz, 177 AD3d 766, 767; People v Ortiz, 167 AD3d 658, 659). Thus, the purported appeal waiver does not preclude appellate review of the defendant's remaining contentions.
By pleading guilty, the defendant forfeited any claim of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (see People v Chacon-Diaz, 203 AD3d 846, 846; People v Bailey, 200 AD3d 703, 703). To the extent that this claim can be reviwed, the defendant's contention that he received ineffective assistance of counsel is belied by his statements at the plea proceeding, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Chacon-Diaz, 203 AD3d at 846-847; People v Whitman, 189 AD3d 1620, 1621).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court